IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES A. WIDTFELDT, | ) | CASE NO. 8:05CV505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| HOLT COUNTY BOARD OF EQUALIZATION, NEBRASKA TAX EQUALIZATION AND REVIEW COMMISSION, STATE OF NEBRASKA, HOLT COUNTY BOARD OF EQUALIZATION OF THE STATE OF NEBRASKA, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants, the State of Nebraska's and the Nebraska Tax Equalization and Review Commission's ("TERC"), Motion to Dismiss (Filing No. 9), the defendant, United States', Motion to Dismiss (Filing No. 15), defendant, Holt County Board of Equalization's, Motion to Dismiss (Filing No. 4), and the plaintiff, James Widtfeldt's, Motion to Add Necessary Parties (Filing No. 20).

Plaintiff has brought these actions against the Holt County Board of Equalization, TERC, the State of Nebraska, and the United States. In his lengthy complaint, plaintiff raises five general claims that each contain many additional arguments: (1) that the Nebraska Unicameral is not a republican form of government, and therefore, many enabling statutes enacted by the Nebraska legislature are unconstitutional; (2) that the United States Department of Agriculture ("USDA") farming regulations concealed USDA or Farm Services Agency ("FSA") payments in order to disguise land value by concealing low farm income; (3) that the City of O'Neill housing regulations governing residential

housing unconstitutionally decrease land values; (4) that the City of O'Neill regulations transfer water bills from renters to property owners in violation of Constitutional due process requirements; and (5) that Nebraska court rules are unconstitutional. In addition to these five claims plaintiff states that it included TERC and the Holt County Board of Equalization as defendants because plaintiff is alleging that TERC is not "constitutionally chartered," and is requesting that this court overturn a property tax valuation assessed by the Holt County Board of Equalization and upheld by TERC.

TERC and the State of Nebraska seek dismissal of these cases on the basis of personal jurisdiction, insufficiency of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. The United States, seeks dismissal of these cases for lack of subject matter jurisdiction and ineffective service of process as far as defendant's claims are against the USDA, the FSA, the Internal Revenue Service ("IRS"), or the Department of Housing and Urban Development ("HUD"). Defendant Holt County Board of Equalization seeks dismissal of these cases claiming plaintiff has failed to state a claim for which relief can be granted.

## DISCUSSION

**I.     Service of Process**

In Filing No. 9, the State of Nebraska and TERC assert, among other arguments, that the above entitled case should be dismissed against the State of Nebraska and TERC for insufficiency of process, and therefore, lack of jurisdiction over defendants. Federal Rule of Civil Procedure 4(j)(2) provides that service of process on a state or one of its governmental organizations may be effected by delivery of the summons to the chief

executive officer of the state or organization sued or as prescribed by the law of the state for the service of such an action against the state or other governmental entity.

A review of the summons issued for TERC shows that it was served by certified mail addressed to "Nebraska Tax Equalization and Review Commission c/o Steven Keetle, Esq., P.O. Box 94732, Lincoln, Ne 68509-4732."[1] In this case because the plaintiff did not serve the chief executive officer of TERC, for service upon both TERC and the State of Nebraska he was required to comply with the Nebraska law governing the service of process on the state and a state agency found in Neb. Rev. Stat. § 25-510.02. Pursuant to that statute, in order to properly serve defendants he was required to leave "the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General." *Id.* Plaintiff did not leave a copy of the summons or complaint with the Attorney General. Because defendant did not properly effect service on TERC or the State of Nebraska, service was defective or inadequate and the motion to dismiss for ineffective service of process is granted.

In Filing No. 15 the United States also moves to dismiss the plaintiff's second amended complaint on the basis that he failed to effect service of process on the FSA, HUD, IRS, and the USDA. While the plaintiff's second amended complaint is exceedingly difficult to decipher, it is clear from the substance of the plaintiff's arguments, and from the remedies he seeks, that, in his view, his rights were violated by the FSA, Department of HUD, IRS, and the USDA. Therefore, to proceed with his claims it was necessary to effect

---

[1] The chief executive officer of TERC is Wm. R. Wickersham. Steven Keetle is TERC's legal counsel.

service of process on these agencies. Federal Rule of Civil Procedure 4(I) regarding "[s]erving the United States, Its Agencies, Corporations, Officers, or Employees," states:

(1) Service upon the United States shall be effected

> (A) by delivering a copy of the summons and of the complaint to the **United States attorney for the district in which the action is brought** or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney
> 
> and
> 
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the **Attorney General of the United States** at Washington, District of Columbia,
> 
> and
> 
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to **the officer or agency**.

The defendants are correct that the plaintiff did not comply with Fed. R. Civ. P. 4(I). From the record before this court it appears that the plaintiff did not serve a copy of the summons and complaint to the FSA, HUD, IRS, or USDA. Therefore, lacking jurisdiction over the Untied States, the court grants its motions to dismiss.

The court is cognizant that the plaintiff has requested leave to amend his complaint to add the above-titled agencies as necessary parties. However, because the court has determined that the plaintiff's claims lack merit, the court will not grant him leave to amend nor will it allow him additional time to serve the requisite agencies or the State of Nebraska. It is noted that plaintiff is trained in the law and should be aware of the Rules of Procedure

governing service of process. Accordingly, the court will not provide plaintiff with the liberal construction of pleadings it affords a typical pro se plaintiff.

## II. Claims Against Holt County Board of Equalization

In Filing No. 4, the Holt County Board of Equalization moved to dismiss plaintiff's claim for failure to state a claim on which relief can be granted. In his complaint, the plaintiff has failed to make any cognizable argument against Holt County Board of Equalization. While plaintiff purports to challenge property tax determinations against Holt County Board of Equalization, there is no specific argument in plaintiff's complaint challenging a decision by this defendant. Therefore, the Board's motion is granted and plaintiff's complaint is dismissed as against Holt County Board of Equalization for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

THEREFORE, IT IS ORDERED:

1. That the State of Nebraska and TERC's Motion to Dismiss (Filing No. 9) is granted for plaintiff's failure to effect service of process;

2. The United States' Motion to Dismiss (Filing No. 15) is granted for plaintiff's failure to effect service of process;

3. Holt County Board of Equalization's motion to dismiss (Filing No. 4) is granted for the complaint's failure to state a claim on which relief can be granted;

4. The Plaintiff's Motion to Add Necessary Parties (Filing No. 20) is denied as moot;

5. The Second Amended Complaint and all claims are dismissed without prejudice; and

6. The parties shall bear their own costs unless otherwise agreed.

DATED this day of 4th August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge